| |
|---|
| **Country-Wide Ins. Co. v Arthur Ave. Med. Servs., P.C.** |
| 2024 NY Slip Op 30944(U) |
| March 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651573/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**                           PART                    14

*Justice*

-------------------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY

                            Petitioner,

                - v -

ARTHUR AVENUE MEDICAL SERVICES, P.C., a/a/o
Shariff Hull

                            Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651573/2022 |
| MOTION DATE | 06/14/2022[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

The cross-motion to confirm the subject arbitration awards is granted.

**Background**

Petitioner brings this proceeding to vacate awards from a lower and master arbitrator. It explains that the injured party (Shariff Hull) was injured in a motor vehicle accident while driving a car insured by petitioner.

Respondent provided medical treatment to Mr. Hull, including neurological electro-diagnostic testing of the lower and upper extremities as well as trigger point injections. Petitioner then refused to pay the bills sent by respondent and an arbitration followed.

The lower arbitrator sided with respondent and awarded it $3,976.61, although the arbitrator reduced the amount sought by respondent (NYSCEF Doc. No. 3). The lower arbitrator

---

[1] Although this proceeding was only recently transferred to this part, the Court apologizes, on behalf of the court system, for the lengthy delay in the resolution of this proceeding. Almost two years is far too long.

**651573/2022   COUNTRY-WIDE INSURANCE COMPANY vs. ARTHUR AVENUE MEDICAL SERVICES, P.C.**
**Motion No.  001**

Page 1 of 4

[* 1]

observed that petitioner failed to comply with the requirements necessary to take an offset relating to disability benefits awarded to Mr. Hull and "that benefits for disability benefits may not be offset from the amounts paid to the assignor for loss [sic] earnings" (*id*. at 2). The lower arbitrator also rejected a policy exhaustion claim by petitioner, concluding that "On the above grounds I do not find that the policy is shown to be exhausted, as these offsets made by the [Petitioner] are more than the total claim herein" (*id*.).

The master arbitrator observed that petitioner's submission before the master arbitrator did not discuss the lower arbitrator's rejection of the policy exhaustion defense (NYSCEF Doc. No. 6 at 3). He adds that petitioner attempted to raise a lack of medical necessity defense and that the injured party was in the course of his employment for the first time in the master arbitration (*id*.). "It appears that at the time of the hearing of the dispute, . . . counsel for [petitioner] made the decision to limit [petitioner]'s defenses solely to a policy exhaustion defense as well as fee schedule violations" (*id*. at 4). The master arbitrator noted that "Given that the offset for disability benefits improperly taken by [petitioner] was more than the fee schedule value for the services awarded, there was a valid basis for the award's finding that the policy had not been exhausted" (*id*. at 6).

Petitioner claims the policy is currently exhausted and submits an affidavit from a litigation supervisor, dated April 4, 2022, who swears the policy is exhausted (NYSCEF Doc. No. 7). It seeks vacatur of the awards or, in the alternative, that the dispute be remanded for a new hearing on the issue of policy exhaustion.

Respondent insists that petitioner failed to cite any sufficient basis to vacate these awards. It argues that both determinations were rational and that the policy was not exhausted.

651573/2022   COUNTRY-WIDE INSURANCE COMPANY vs. ARTHUR AVENUE MEDICAL SERVICES, P.C.
Motion No.  001

Page 2 of 4

2 of 4

[* 2]

**Discussion**

CPLR 7511 provides just four grounds for vacating an arbitration award, including that the arbitrator exceeded his power, which "occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power. Mere errors of fact or law are insufficient to vacate an arbitral award. Courts are obligated to give deference to the decision of the arbitrator, even if the arbitrator misapplied the substantive law in the area of the contract" (*NRT New York LLC v Spell*, 166 AD3d 438, 438-39, 88 NYS3d 34 [1st Dept 2018]).

As an initial matter, the Court observes that the only issues raised before the lower arbitrator were petitioner's defenses of policy exhaustion and improper fees. It appears, as noted by the master arbitrator, that petitioner never raised the defenses of lack of medical necessity or that the injured party was in the course of his employment. Of course, it was rational for the master arbitrator to reject arguments not properly raised before the lower arbitrator and petitioner cannot raise those issues here.

The Court finds that the awards were rational with respect to their findings that the policy was not exhausted. The lower arbitrator issued a well-reasoned decision evaluating the policy limits and the additional issue of offsets an insurer could theoretically take for disability benefits issued to the injured party. The lower arbitrator concluded that petitioner failed to satisfy the requirements to take such an offset and this Court sees no reason to disturb that analysis.

The Court also denies petitioner's request for a remand regarding the issue of policy exhaustion as that issue was already decided in the awards. To the extent that petitioner appears to argue that the policy is currently exhausted, that is not a basis for a remand. Petitioner cannot refuse to pay medical bills, force a medical provider to bring and win an arbitration, and then say

**651573/2022   COUNTRY-WIDE INSURANCE COMPANY vs. ARTHUR AVENUE MEDICAL SERVICES, P.C.**
**Motion No.  001**

**Page 3 of 4**

[* 3]

3 of 4

"too late" to the medical provider. The fact is that the lower arbitrator and master arbitrator both found that the policy was *not* exhausted.

The Court also observes that respondent demands legal fees but did not attach any invoices or even make a demand for a specific amount. The Court therefore denies that request as respondent did not meet its burden to show it incurred any fees; this Court cannot speculate or guess as to how much should be awarded.

Accordingly, it is hereby

ADJUDGED that the petition to vacate the arbitral award is denied and, pursuant to CPLR 7511(e), the Court confirms the award and the Clerk is hereby directed to directed to enter judgment in favor of respondent and against petitioner in the amount of $3,976.61 plus statutory interest from June 22, 2020 at the rate of 2%/month pursuant to 11 NYCRR 65-3.9(a), plus the Arbitration filing fee of $40 pursuant to 11 NYCRR 65-4.5(s)(1) along with costs and disbursements upon presentation of proper papers therefor.

| __3/20/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

651573/2022   COUNTRY-WIDE INSURANCE COMPANY vs. ARTHUR AVENUE MEDICAL SERVICES, P.C.
Motion No.  001

Page 4 of 4

4 of 4

[* 4]